UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MAGDALENO M. SANDOVAL,
    Debtor.                                    No. 7-11-10086 SS

MAGDALENO M. SANDOVAL,
    Plaintiff,
v                                                Adv. No. 11-1137 S

CENTURY BANK,
    Defendant.

### MEMORANDUM OPINION ON MOTION TO DISMISS

This matter is before the Court on Defendant Century Bank's ("Bank") Motion to Dismiss ("Motion") (doc 4). Plaintiff is represented by his attorney Gerald R. Velarde. Bank is represented by its attorney Scheuer, Yost & Patterson, PC (Christopher M. Grimmer). This adversary proceeding is a complaint by the Debtor to recover an exempted preferential transfer under section 547[1]. The Motion argues that the complaint was filed too late. For the reasons set forth below, the Court agrees with position advanced in the Motion and will grant the Motion.

The parties filed the following stipulated facts in connection with Bank's Motion (doc 8):

1. Defendant Century Bank ("Century Bank") caused Writs of Garnishment of Debtor/Plaintiff Magdaleno M. Sandoval's

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

("Sandoval") bank account(s) with First National Bank of Santa [Fe] to be issued in the following New Mexico State District Court cases: Century Bank v. Magdaleno Sandoval, Cause No. D-0101-CV-200902742; Century Bank v. Magdaleno Sandoval, Cause No. D-0101-CV-200903095; and Century Bank v. Magdaleno Sandoval, Cause No. D-0101-CV-200903162.

2.  The Writs of Garnishment were served on First National Bank of Santa Fe on October 14, 2010.

3.  Pursuant to the December 7, 2010, Judgments on Writ of Garnishment, Claim of Exemption and Order to Pay entered in the State District Court cases, the sum of $13,596.03 was paid to Century Bank by First National Bank of Santa Fe on or about December 10, 2010 (the "Garnished Funds"). The payments were made from the bank accounts in the name of Sandoval.

4.  Sandoval filed a voluntary Petition under Chapter 7 of Title 11 of the United States Code on January 11, 2011. (Doc 1).

5.  In Schedule C filed January 25, 2011, Sandoval claimed that the Garnished Funds were exempt property. (Doc. 9). No objection was filed to the exemption claim.[2]

---

[2] In fact, relying on §522(d)(5), Sandoval in Schedule C claimed exempt $8,125 of the total value of the garnishments of $13,500. Doc 9 at 8. The complaint stated the amount at issue was estimated at $13,971.03 and sought to recover the entire amount. For purposes of this decision, the discrepancy between what the docket shows and what the parties stipulated to is not relevant.

6.  On February 11, 2011, the Chapter 7 Trustee filed her Report of No Distribution in Sandoval's bankruptcy.  (Doc. 14).

7.  The Trustee did not attempt to pursue a preference action against Century Bank or otherwise attempt to avoid the transfer of the Garnished Funds to Century Bank.

8.  Sandoval did not object to the Chapter 7 Trustee's Report of No Distribution.

9.  On April 18, 2011, a Discharge of Debtor (doc 16) and a Final Decree (doc 17) were entered and filed in Sandoval's bankruptcy.

10.  On August 25, 2011, Sandoval filed a Complaint to Avoid and to Recover Preferential Transfer against Century Bank (the "Adversary Proceeding").  The Adversary Proceeding is numbered and styled as follows: <u>Magdaleno M. Sandoval v. Century Bank</u>, Adversary No. 11-1137s.

11.  On September 14, 2011, Century Bank filed its Motion to Dismiss Sandoval's Complaint to Avoid and to Recover Preferential Transfer in the Adversary Proceeding.  (Doc 4).

12.  On October 11, 2011, Sandoval filed his Motion to Reopen Case in the bankruptcy case.  (Doc 20).

13.  On October 14, 2011, an Order Authorizing Reopening of Case was filed in the bankruptcy case.  (Doc 21).

**ISSUE**

The only issue before the Court is whether the adversary proceeding is subject to dismissal by virtue of the statute of limitations.[3]

**DISCUSSION**

First, the Court will set out the statutory and bankruptcy rule framework that governs this adversary proceeding.

Bankruptcy Code section 522(l) provides:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(l). The time to object is fixed by Bankruptcy Rule 4003, which provides in part:

> [A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed.R.Bankr.P. 4003(b)(1).

Bankruptcy Code section 522(h) provides:

> The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have

---

[3]For the purpose of this motion to dismiss, the Court will assume that Debtor could prove all the statutory elements of a preferential transfer.

```
     exempted such property under subsection (g)(1) of this
     section if the trustee had avoided such transfer, if--
     (1) such transfer is avoidable by the trustee under
     section ... 547 ... of this title ... ; and
     (2) the trustee does not attempt to avoid such
     transfer.
```

11 U.S.C. § 522(h).  Subsection (g)(1) in turn provides:

```
        Notwithstanding sections 550 ... of this title,
     the debtor may exempt under subsection (b)[4] of this
     section property that the trustee recovers under
     section ... 550 ... of this title, to the extent that
     the debtor could have exempted such property under
     subsection (b) of this section if such property had not
     been transferred, if--
     (1)(A) such transfer was not a voluntary transfer of
     such property by the debtor; and
     (B) the debtor did not conceal such property; or
     (2) ... .
```

11 U.S.C. § 522(g)(1).  Section 522(I) makes it clear that when a

debtor uses an avoidance power under section 522, he is subject

to all limitations imposed on a trustee in using that power:

```
     If the debtor avoids a transfer or recovers a setoff
     under subsection (f) or (h) of this section, the debtor
     may recover in the manner prescribed by, and subject to
```

---

[4]Section 522(b) provides, in part:
(b)(1) Notwithstanding section 541 of this title, an
individual debtor may exempt from property of the
estate the property listed in either paragraph (2) or,
in the alternative, paragraph (3) of this subsection.
...
(2) Property listed in this paragraph is property that
is specified under subsection (d)...
(3) Property listed in this paragraph is--
(A) ... any property that is exempt under Federal law,
other than subsection (d) of this section, or State or
local law that is applicable on the date of the filing
of the petition...
Debtor claimed exemptions under paragraph (2), <u>i.e.</u>, the federal
exemptions.  <u>See</u> Case 7-11-10086, doc 9, p.8 (Schedule C).

Case 11-01137-s    Doc 14    Filed 03/19/12    Entered 03/19/12 16:00:33 Page 5 of 14

> the limitations of, section 550 of this title, the same
> as if the trustee had avoided such transfer, and may
> exempt any property so recovered under subsection (b)
> of this section.

11 U.S.C. § 522(i)(1).

Section 546(a), Limitations on avoiding powers, states, in relevant part:

> (a) An action or proceeding under section 544, 545,
> 547, 548, or 553 of this title may not be commenced
> after the earlier of--
> (1) the later of--
>     (A) 2 years after the entry of the order for
>     relief; or
>     (B) 1 year after the appointment or election of
>     the first trustee under section 702, 1104, 1163,
>     1202, or 1302 of this title if such appointment or
>     such election occurs before the expiration of the
>     period specified in subparagraph (A); or
> (2) <u>the time the case is closed or dismissed.</u>

11 U.S.C. § 546(a)(Emphasis added). Section 550, Liability of transferee of avoided transfer, provides, in relevant part:

> (a) ... to the extent that a transfer is avoided under
> ... 547 ... of this title, the trustee may recover, for
> the benefit of the estate, the property transferred,
> or, if the court so orders, the value of such
> property...
> (f) An action or proceeding under this section may not
> be commenced after the earlier of--
>     (1) one year after the avoidance of the transfer
>     on account of which recovery under this section is
>     sought; or
>     (2) <u>the time the case is closed or dismissed.</u>

11 U.S.C. § 550 (Emphasis added). Therefore, the issue can be rephrased as whether either section 546(a)(2) or section 550(f)(2) are defenses to Debtor's recovery. The Court views this as a statutory construction case.

Page -6-

The well known starting place in statutory interpretation cases are the statutes themselves:

> [I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. ... When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.

Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)(Citations and internal quotation marks omitted.) And "when the statute's language is plain, the sole function of the courts' -at least where the disposition required by the text is not absurd- is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)(citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989)). See also 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596 (1951)(Congress expresses its purpose through words. The Court's task is to construe what Congress has written and not add to it or subtract from it or to delete or to distort.); Burlington Northern, Santa Fe Railway Co. v. Lohman, 193 F.3d 984, 985 (8th Cir. 1999), cert. denied, 529 U.S. 1098 (2000)("The rules of statutory construction dictate that words should not be supplied to a statute when the words are purposefully omitted or when adding words would defeat the purpose of the statute.")

Therefore, the first step in this adversary proceeding is to determine whether the language at issue is plain and unambiguous. Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). The plainness or ambiguity of a statute can be determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. Id. (citing Estate of Cowart v. Nickols Drilling Co., 505 U.S. 469, 477 (1992) and McCarthy v. Bronson, 500 U.S. 136 (1991)). The Court finds that sections 546(a)(2) and 550(f)(2) are plain and unambiguous.

First, section 546 is entitled "Limitations on avoiding powers" and subsection (a) clearly states that preference actions "may not be commenced after ..." ... (2) "the time the case is closed or dismissed." Neither the statute itself, or any other statute, limit section 546 to actions brought by a trustee; rather, it is a limitation on the avoiding power itself. Therefore, a debtor cannot argue that his or her use of the avoiding power has different limitations on it than would a trustee's use. Nor does the statute itself, or any other statute, revive the statute of limitations if the case is reopened. Section 546(a)(2) is clear and unambiguous: actions to avoid preferences may not be filed after the case is closed.

Second, section 550 is entitled "Liability of transferee of avoided transfer." This section lists the rules that apply when

a trustee is successful in avoiding, among other things, a preference. Section 550(a). It describes the liability of initial transferees and their transferees, makes exception for transferees that take for value and in good faith without knowledge, and liability of insiders. Sections 550(a), (b) and (c) and (e). The trustee is entitled to only a single satisfaction. Section 550(d). Most important for this adversary proceeding, however, section 550(f) requires that the action to recover on the avoided preference must be brought before "the time the case is closed or dismissed." Section 550 is worded as applying to "the trustee." Section 522(i), quoted above, makes it clear, however, that the debtor is subject to the same limitations as the trustee when attempting to recover under section 550. Neither the statute itself, or any other statute, revive the statute of limitations if the case is reopened. Section 550(f)(2) is clear and unambiguous: actions to collect on avoided preferential transfers may not be filed after the case is closed. See Phimmasone v. American General Finance (In re Phimmasone), 249 B.R. 681, 682-83 (Bankr. W.D. Va. 2000):

> The Debtor argues that the reopening of her case removes her attempt to recover the garnished wages from the statute of limitations embodied in § 550(f). However, the plain language of the statute prohibits the recovery of an avoidable or avoided transfer once the case is closed. § 550(f)(2) does not prohibit recovery actions "while the case is closed." Rather, it prohibits actions for recovery under the section after "the time the case is closed ..." Thus, the statute runs once the case is closed. To read § 550 as

> the Debtor urges would remove § 550(f)(2) as any
> barrier to actions to recover avoided transfers. Under
> the Debtor's theory of the statute, a debtor or trustee
> would merely need to move for reopening of the case
> less than one year from the time the transfer was
> avoided in order to avoid the bar of § 550(f)(2). If
> read as the Debtor urges, § 550(f)(2) would only
> prohibit actions to recover avoided transfers while a
> case was closed. Such a reading is contrary to the
> statute's plain language.

See also Mullen v. Kalil (In re Mullen), 337 B.R. 744, 749 (Bankr. D. N.H. 2006). The Mullen court noted that there are reported cases that allow actions that would be subject to section 546(a)(2) to be pursued after reopening a case: e.g., Gross v. Petty (In re Petty), 93 B.R. 208, 212 (9th Cir. BAP 1988); White v. Boston (In re White), 104 B.R. 951, 955 (S.D. Ind. 1989); Dwyer v. Peebles (In re Peebles), 224 B.R. 519, 520-21 (Bankr. D. Mass. 1998); and Decker v. Voisenat (In re Serrato), 214 B.R. 219, 226 (Bankr. N.D. Cal. 1997). The Mullen court observed that all of these cases involved undisclosed or concealed assets. Mullen, 337 B.R. at 749. All the cited cases had been based upon a theory that if assets were undisclosed there could never be a proper "closing" of the case that would trigger the statutes of limitations to run. Id. In Mullen, however, the debtor had disclosed the asset and the trustee was aware of it but failed to act. Id. Therefore, the case had been "fully administered" and the case had been properly and finally closed, barring the resurrection of any avoidance actions.

In the case before the Court, the preference action was disclosed and exempted. Closure of the case prevents Debtor from now filing to avoid the preference and filing to recover the preference once it would have been avoided.

Debtor makes several arguments that the Court should address. First, he argues that until the case actually closed the Debtor would be unable to determine if the Trustee had attempted to avoid the transfer. See 11 U.S.C. § 522(h)(2). But, under section 522(l) and Fed.R.Bank.P. 4003(b)(1), one month after the creditors meeting the garnished funds were "exempt." Russell v. Kuhnel (In re Kuhnel), 495 F.3d 1177, 1180 (10th Cir. 2007)(Rule 4003(b) prevents objections to exemptions made after time specified in rule, citing Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992)). At that point, the Trustee had no claim to them, nor could Bank object to the Debtor's standing to recover.

Debtor also argues the "properly closed" cases noted in Mullen. The Court finds that these cases are not persuasive. For one reason, these courts are adding a word to a statute that is not there and that changes the operation of the statute. This is not the Court's function. See, e.g., 62 Cases, More or Less, 340 U.S. at 596 ("It is for us to ascertain [Congress' intent]- neither to add nor to subtract, neither to delete nor to distort.").

Page -11-

> Statutes of limitations, which "are found and approved in all systems of enlightened jurisprudence," Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807 (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.

United States v. Kubrick, 444 U.S. 111, 117 (1979) (ending string citations omitted). "Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." Board of Regents of the University of the State of New York v. Tomanio, 446 U.S. 478, 487 (1980). "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946).

> Congress desired a bankruptcy court system which would "operate efficiently and quickly." H.R.REP. No. 595, 95th Cong. 1st Sess. 13 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5974. Congress considered speed and efficiency "essential" because "delay only operates to devalue assets, hinder financial rehabilitation, and prevent the exercise of rights." Id.

Gibbons v. Haddad (In re Haddad), 68 B.R. 944, 953 (Bankr. D. Mass. 1987). Sections 546(a)(2) and 550(f)(2) are congressional statutes of limitations that are an integral part of the Bankruptcy Code and should not be ignored to reach a "better" result.

> It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable. We should give them effect in accordance with what we can ascertain the legislative intent to have been. We doubt that here we have misconceived the intent of Congress ... . But if we have, or even if we have not but Congress desires a different result, it may exercise its prerogative to amend the statute so as to effect its legislative will.

Kubrick, 444 U.S. at 125.

The second reason the Court finds the "properly closed" cases unpersuasive is that the fiction of a "properly closed" case is unnecessary. In all of those cases there was fraud or concealment. Under a long line of Supreme Court cases beginning with Bailey v. Glover, 88 U.S. 342, 348 (1874) and continuing through Holmberg, 327 U.S. at 397, to the present in Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2563 (2010) the Court has recognized that federal statutes of limitations do not run if a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts

Case 11-01137-s    Doc 14    Filed 03/19/12    Entered 03/19/12 16:00:33 Page 13 of 14

on the part of the party committing the fraud to conceal it from the knowledge of the other party.  <u>Holmberg</u>, 327 U.S. at 397.  Instead of finding cases improperly closed, a concept not defined by the Code or Rules, the courts could have examined whether the statutes of limitations had been tolled by fraud.  <u>See, e.g.</u>, <u>Redmond v. Kopp (In re Kopp)</u>, 383 B.R. 179, 186 (Bankr. D. Kan. 2008)(Fraud is "cause" to reopen a case, reappoint the trustee and restore the trustee's avoidance powers.)

Finally, the Court finds that Debtor did not allege in the complaint or the response to the Motion any equitable considerations that would have tolled the running of any statutes of limitations.  This adversary proceeding must be dismissed.

**CONCLUSION**

For the reasons set forth above, the Court finds that the Motion to Dismiss is well taken.  A separate order will be entered dismissing this adversary proceeding.

*/s/ James S. Starzynski*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  March 19, 2012

Copies to:

Gerald R Velarde
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027

Christopher M Grimmer
Scheuer, Yost & Patterson, PC
PO Box 9570
Santa Fe, NM 87504-9570

Case 11-01137-s    Doc 14    Filed 03/19/12    Entered 03/19/12 16:00:33 Page 14 of 14